J-S37007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARD B. HOHMAN | |
| Appellant | No. 484 WDA 2015 |

Appeal from the Judgment of Sentence January 6, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0002264-2014;
CP-02-CR-0017508-2013

BEFORE:  GANTMAN, P.J., SHOGAN, J., and LAZARUS, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED APRIL 28, 2016**

Appellant, Edward B. Hohman, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following his guilty plea to one (1) count of endangering welfare of children ("EWOC"), three (3) counts of simple assault, and two (2) counts each of recklessly endangering another person ("REAP") and terroristic threats.[1]  We affirm Appellant's convictions but vacate the judgment of sentence and remand the case to the trial court for the limited purpose of clarifying the record and imposing the correct sentence.

The relevant facts and procedural history of this case are as follows.

_____

[1] 18 Pa.C.S.A. §§ 4304, 2701(a)(1), (a)(3), 2705, 2706(a)(1), respectively.

On June 1, 2013, Appellant's eight-year-old stepson called the police and reported that Appellant was trying to enter the house to hurt the child's mother (Appellant's wife). Appellant was intoxicated, broke into the house, and argued with his wife. Appellant then grabbed his wife by the throat and threatened to kill her and her son. Appellant refused to let his wife leave the house. He also let the air out of her truck tires and took her car keys and cell phone. In another incident on December 12, 2013, Appellant and his wife were on their way home from a party when they began to argue with each other. Appellant became physically abusive when they arrived home and began to ransack the residence. Appellant held his wife over a sink and bit her on the chin and mouth, causing puncture wounds, swelling, and bleeding. Appellant then picked up a knife and chased his wife out of the residence. Appellant's stepson and twelve-year-old daughter tried to stop the attack, at which point Appellant threw the knife and almost struck one of the children.

On October 1, 2014, Appellant pled guilty to one count of EWOC, three counts of simple assault, and two counts each of terroristic threats and REAP. At the sentencing hearing on January 6, 2015, the court announced it was sentencing Appellant to consecutive terms of incarceration of one-and-a-half (1½) to **three (3)** years for EWOC and one (1) to two (2) years for one count of simple assault, along with a concurrent term of one (1) to two (2) years' incarceration for one count of terroristic threats. No further

penalty was imposed on the remaining convictions.  The sentences indicated on the guideline sentence forms were consistent with the court's oral pronouncement at sentencing.  The court's written sentencing order, however, imposed a sentence of one-and-a-half (1½) to **five (5)** years' incarceration for EWOC.  The written order comported with the court's oral pronouncement of sentence in all other respects.  On January 15, 2015, Appellant filed timely post-sentence motions to reconsider sentence and to withdraw plea.  On January 23, 2015, the court denied the motion to reconsider sentence.  On February 19, 2015, the court denied Appellant's motion to withdraw plea.  Appellant filed a timely notice of appeal on March 20, 2015.  The court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b).  After the court granted an extension, Appellant timely complied.

Appellant raises the following issue for our review:

> DID THE SENTENCING COURT ABUSE ITS DISCRETION BY IMPOSING THREE SENTENCES THAT WERE EITHER IN THE AGGRAVATED RANGE OR THE STATUTORY MAXIMUM WHEN IT IS INCONSISTENT WITH THE NORMS UNDERLYING THE SENTENCING CODE, IT FAILED TO CONSIDER ALL RELEVANT FACTORS AND FOCUSED ALMOST EXCLUSIVELY ON THE SERIOUSNESS OF THE OFFENSES AND THE INJURY TO THE VICTIM TO THE EXCLUSION OF OTHER PERTINENT FACTORS?

(Appellant's Brief at 5).

Appellant argues the court sentenced him without considering all relevant factors, including Appellant's individual characteristics and

rehabilitative needs. Appellant asserts he expressed remorse for his behavior and indicated he wanted to seek treatment for his alcoholism, which fueled the incidents. Appellant contends the court focused on the gravity of the offenses, including the children's involvement and the injuries to Appellant's wife, to the exclusion of other pertinent factors. Appellant claims the court imposed an aggravated range sentence for EWOC and the statutory maximum sentence for simple assault without any explanation of how Appellant's acts were more serious than typical cases involving those offenses. Appellant submits the court improperly based his aggravated range EWOC sentence on a factor (exposing children to harm) that is a basic element of the crime. Appellant concludes his EWOC and simple assault sentences were unreasonable, and this Court should vacate the judgment of sentence and remand for resentencing.[2] As presented, Appellant challenges the discretionary aspects of his sentence.[3] *See Commonwealth v.*

_____

[2] Despite Appellant's reference to all three sentences in his statement of questions involved, he presents no argument regarding his sentence for terroristic threats. Therefore, any challenge to that particular sentence is waived. *See Commonwealth v. Hakala*, 900 A.2d 404 (Pa.Super. 2006) (stating failure to develop argument in support of claim on appeal results in waiver of issue).

[3] "[W]hile a…plea which includes **sentence negotiation** ordinarily precludes a defendant from contesting the validity of his…sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, **open** plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." *Commonwealth v. Tirado*, 870 A.2d 362, 365 n.5 (Pa.Super.
*(Footnote Continued Next Page)*

*Dunphy*, 20 A.3d 1215 (Pa.Super. 2011) (stating claim that sentencing court failed to offer adequate reasons to support sentence challenges discretionary aspects of sentencing); *Commonwealth v. Fullin*, 892 A.2d 843 (Pa.Super. 2006) (stating claim that court improperly based aggravated range sentence on factor that constituted element of offense challenges discretionary aspects of sentencing); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa.Super. 1995) (explaining claim that court did not consider mitigating factors challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

*(Footnote Continued)* ————————————

2005) (emphasis in original). "An 'open' plea agreement is one in which there is no negotiated sentence." *Id.* at 363 n.1. Here, Appellant's plea was "open" as to sentencing, so a challenge to the discretionary aspects of his sentence is available.

Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing. ***Commonwealth v. Mann***, 820 A.2d 788 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

When appealing the discretionary aspects of a sentence, an appellant must also invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. ***Commonwealth v. Mouzon***, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Anderson***, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 912-13. Generally, "[a]n allegation that a sentencing court failed to consider or did not adequately consider certain factors does not raise a substantial question that the sentence was inappropriate." ***Cruz-Centeno, supra*** at 545. Nevertheless, a substantial question is raised where an appellant alleges the sentencing court erred by imposing an aggravated range sentence without consideration of mitigating circumstances. ***Commonwealth v. Felmlee***,

828 A.2d 1105 (Pa.Super. 2003) (*en banc*). Likewise, a claim that the court imposed an aggravated range sentence without placing adequate reasons on the record raises a substantial question. ***Commonwealth v. Bromley***, 862 A.2d 598 (Pa.Super. 2004), *appeal denied*, 584 Pa. 684, 881 A.2d 818 (2005).

On appeal, this Court will not disturb the judgment of the sentencing court absent an abuse of discretion. ***Commonwealth v. Walls***, 592 Pa. 557, 564, 926 A.2d 957, 961 (2007). "[A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." ***Id.***

Instantly, at the sentencing hearing and in his motion to reconsider sentence, Appellant failed to raise (1) his challenge to the simple assault sentence, and (2) his specific contention that the court imposed an aggravated range sentence for EWOC without consideration of mitigating factors. Therefore, those issues are waived. ***See Mann, supra***. Appellant properly preserved his claim that the court failed to provide adequate reasons for sentencing Appellant in the aggravated range of the Sentencing Guidelines for EWOC. That claim presents a substantial question. ***See Bromley, supra***. Nevertheless, at sentencing, the court made the following statement on the record:

[Appellant], it's not these last two incidents alone on which I am basing my judgment. The truth is, is that you have for the last twenty-five years been convicted of assaultive behavior and you have ten prior convictions. Most of these convictions involve violence. The previous conviction isn't only about wielding a knife at your daughter…. It's also about biting your wife's face and leaving a permanent scar there. You violated a PFA. I've reviewed your past periods of probation, and you've always had a poor adjustment. You were told not to contact her children and did so even from the Allegheny County Jail. You've had prior—twice you've been sent for prior alcohol rehabilitations, and you never followed through. You continue your abusive behavior.

The [c]ourt does not feel that you are a candidate for county supervision, and I feel that you certainly are a danger to the people that you have continued to avoid. There was also another child involved in this I think but was not your child.

(N.T. Sentencing, 1/6/15, at 8-9). The court also stated it had read and considered Appellant's presentence investigation ("PSI") report, so we can presume the court considered the relevant information and mitigating factors. *See Tirado, supra* (stating where sentencing court had benefit of PSI, law presumes court was aware of and weighed relevant information regarding defendant's character and mitigating factors). The court emphasized the particularly violent and disturbing nature of Appellant's conduct toward the children and toward Appellant's wife in the children's presence. The court's remarks also reflected consideration of Appellant's personal circumstances and potential for rehabilitation. Based on the foregoing, we conclude the trial court weighed all of the relevant factors and provided adequate reasons on the record for sentencing Appellant in the

aggravated range for EWOC, regardless of whether the court imposed a maximum term of three or five years' incarceration for that offense. **See** 204 Pa.Code § 303.16(a) n.4 (stating recommendations in Sentencing Guidelines apply to minimum terms of incarceration only). Accordingly, Appellant is not entitled to relief on his challenge to the discretionary aspects of his sentence. **See Walls, supra**.

Nevertheless, a discrepancy exists between the written sentencing order and the sentencing transcript/guideline sentence form with respect to the maximum term for Appellant's EWOC sentence. "[W]here there is a discrepancy between the sentence as written and orally pronounced, the written sentence generally controls." **Commonwealth v. Willis**, 68 A.3d 997, 1010 (Pa.Super. 2013). Notwithstanding that general rule, "a trial court has the inherent, common-law authority to correct 'clear clerical errors' in its orders. A trial court maintains this authority even after the expiration of the 30 day time limitation set forth in 42 Pa.C.S.A. § 5505 for the modification of orders." **Commonwealth v. Borrin**, 12 A.3d 466, 471 (Pa.Super. 2011) (*en banc*) (internal citations omitted).

> [F]or a trial court to exercise its inherent authority and enter an order correcting a defendant's written sentence to conform with the terms of the sentencing hearing, the trial court's intention to impose a certain sentence must be obvious on the face of the sentencing transcript. Stated differently, only when a trial court's intentions are clearly and unambiguously declared during the sentencing hearing can there be a "clear clerical error" on the face of the record, and the sentencing order subject to later correction.

*Id.* at 473 (internal citations omitted).

Here, at the sentencing hearing, the trial court clearly and unambiguously stated its intention to sentence Appellant to a term of one-and-a-half (1½) to three (3) years' incarceration for the EWOC conviction. The guideline sentence form reflects the same sentence. The court's written sentencing order, however, indicates a sentence of one-and-a-half (1½) to five (5) years' incarceration for EWOC.[4] Thus, there appears to be a patent inconsistency or "clear clerical error" on the face of the record, which is subject to correction by the trial court. *See id.* Accordingly, we affirm Appellant's convictions, but vacate the judgment of sentence and remand the case to the trial court for the limited purpose of relieving the record of any discrepancy regarding Appellant's EWOC sentence and imposing the correct sentence.

Judgment of sentence vacated; case remanded with instructions. Jurisdiction is relinquished.

_____

[4] Appellant was convicted of EWOC as a first-degree misdemeanor, so either sentence would be legal. *See* 18 Pa.C.S.A. § 1104(1) (setting maximum term of incarceration of five years for first-degree misdemeanor).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/28/2016